# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VONZELL WHITE, ) | |
| ) | |
| Plaintiff, ) | Case No. 11 C 7802 |
| ) | |
| v. ) | Judge John Z. Lee |
| ) | |
| CITY OF CHICAGO and CHICAGO ) | |
| POLICE OFFICER JOHN O'DONNELL, #4425, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vonzell White has sued Defendants the City of Chicago (the "City") and Chicago Police Officer John O'Donnell alleging: (1) false arrest in violation of the Fourth Amendment and 42 U.S.C. § 1983; and (2) state law malicious prosecution. Plaintiff also brought a claim against the City under *Monell v. City of New York*, 436 U.S. 659 (1978), whereby municipalities, government agents, or policymaking individuals may be held liable for constitutional deprivations pursuant to governmental custom. Defendants moved to dismiss Plaintiff's *Monell* claim pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing the *Monell* claim is barred by the statute of limitations and fails to state a claim. For the reasons set forth herein, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiff's *Monell* claim against the City [40].

## Facts

The following facts are taken from Plaintiff's Amended Complaint and are assumed to be true for purposes of this motion to dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). Plaintiff Vonzell White ("White") resides in the Northern District of Illinois. (Am.

Compl. ¶ 2.) On November 16, 2010, Chicago Police Officer John O'Donnell ("O'Donnell") asked a Cook County Circuit Court judge to issue a warrant for White in connection with a drug deal that allegedly occurred on July 31, 2010. (*Id.* ¶ 5.)

At the time O'Donnell requested the warrant, Plaintiff alleges O'Donnell did not have personal knowledge that White was involved in the drug deal nor was he aware of any facts which could have caused a reasonable officer to believe White was involved in the drug deal. (*Id.* ¶ 6.) "In accordance with a widespread practice of the police department of Chicago[,]" O'Donnell requested the warrant based on the allegations of other officers, and O'Donnell did not present the judge an affidavit. (*Id.* ¶ 7.) With the warrant, police officers entered White's house and arrested him on November 17, 2010. (*Id.* ¶ 9.) White was charged for his alleged involvement in the drug deal and was held at the Cook County Jail until January 5, 2011. (*Id.* ¶ 10.) On or around July 21, 2011, the prosecutor dismissed the criminal case against White. (*Id.* ¶ 11.)

## **Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted); *see also* Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## Discussion

### I. Statute of Limitations

Defendants first argue that Plaintiff's *Monell* claim is barred by the statute of limitations. The statute of limitations in Section 1983 cases is governed by the state law limitations period in personal injury actions. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). In Illinois, the statute of limitations for personal injury actions is two years under 735 Illinois Compiled Statute § 5/13-202. *Id.* at 773; *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998).

A plaintiff's failure to file suit within the statute of limitations provides the defendant with an affirmative defense. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); Fed. R. Civ. P. 8(c)(1). At the pleading stage, a plaintiff is not required to anticipate and defeat affirmative defenses. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). As such, a lawsuit cannot be properly dismissed under Rule 12(b)(6) due to a plaintiff's failure to plead around an affirmative defense in the complaint. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). If a plaintiff's complaint establishes all of the necessary elements of an

affirmative defense, however, dismissal under Rule 12(b)(6) is appropriate. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (internal citation omitted). Therefore, the Court can grant Defendants' Rule 12(b)(6) motion based on the statute of limitations only if the complaint affirmatively alleges that Plaintiff failed to file suit within the two-year statute of limitations.

Defendants argue that Plaintiff's *Monell* claim is barred by the two-year statute of limitations because Plaintiff first filed suit on November 2, 2011, without alleging any claims against the City. Plaintiff's Amended Complaint, which alleges a claim against the City, was filed on March 8, 2013. Plaintiff's complaint, however, does not affirmatively allege that Plaintiff failed to file suit within the statute of limitations or that equitable tolling, equitable estoppel, or relation back principles are inapplicable. Because the original Complaint lists the City as a Defendant, and the Amended Complaint could potentially relate back to the filing date of the original Complaint, Plaintiff has not pleaded himself out of court. *See* Fed. R. Civ. P. 15(c)(1)(B). Therefore, the Court denies Defendants' motion to dismiss based the statute of limitations.

## II.     Failure to State a *Monell* Claim

Defendants also argue that Plaintiff fails to state a *Monell* claim against the City. Municipalities, government agents, or policymaking individuals may not be held liable under a *respondeat superior* theory but may be held liable under Section 1983 for constitutional deprivations pursuant to governmental custom. *See Monell*, 436 U.S. 658. In order to establish liability under *Monell*, a plaintiff must demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Waters v. City of Chi.*, 580

4

F.3d 575, 581 (7th Cir. 2009) (quoting *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)).

The Court holds that Plaintiff has failed to state a *Monell* claim. Plaintiff's *Monell* claim is based upon the sole allegation that O'Donnell acted "[i]n accordance with a widespread practice of the police department of the City of Chicago" when seeking a warrant. (Am. Compl. ¶ 7.) A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. 544 at 570). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To state a *Monell* claim, a plaintiff is required to "'plead[] factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice" that deprived him of his constitutional rights. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

Plaintiff has pleaded no facts that support a reasonable inference that the City engaged in "a widespread practice that is so permanent and well-settled that it constitutes a custom or practice[.]" *Waters*, 580 F.3d at 581. Instead, Plaintiff merely alleged that the City engaged in a "widespread practice" without providing any factual basis for that allegation. A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Here, Plaintiff alleged in a conclusory manner that the City engaged in a "widespread practice" without pointing to any facts that would support an inference that the City engaged in a widespread practice, custom, or policy that led to a constitutional violation.

*Gustafson v. Jones*, 117 F.3d 1015 (7th Cir. 1997), is instructive.  There, the district court dismissed a complaint that alleged "[t]he Milwaukee Police Department has in the past, and continues to, engage in a practice of retaliatory transfer, discipline, and discharge."  117 F.3d at 1021-22.  The Seventh Circuit affirmed the district court's ruling and noted that the isolated incident regarding the plaintiff "was not enough not to show that the County itself had a policy or custom that caused the plaintiff's injuries."  *Id*. at 1021 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397 (1997)).  As in *Gustafson*, Plaintiff's isolated incident involving O'Donnell and Plaintiff's conclusory allegation fails to state a *Monell* claim against the City.

In response, Plaintiff argues that the "plaintiff relies on an express municipal policy – here, the 'widespread practice of the police department of the City of Chicago.'"  (Pl.'s Opp'n Defs.' Mot. Dismiss 6.)  Plaintiff simply argues, again in a conclusory manner, that his Amended Complaint successfully alleges a *Monell* claim.  As the Court explained above, the Amended Complaint is devoid of any facts that support an inference that the city engaged in a widespread policy, practice, or custom that lead to a constitutional violation.  Plaintiff's reliance on *Otero v. Dart* is also misplaced.  No. 12 C 3148, 2012 WL 5077727 (N.D. Ill. Oct. 18, 2012).  In *Otero*, the plaintiff "sufficiently describe[d] the policy or practices at issue" by alleging that an "Unlawful Detention Policy include[d] placing acquitted inmates in the general population and holding them in custody pending the completion of a check for warrants and holds."  *Id*. at *4.  While the plaintiff in *Otero* alleged a specific unlawful policy, Plaintiff's Amended Complaint

fails to describe a specific unlawful practice, policy, or custom of the City.  Plaintiff's arguments are unavailing, and the Court holds that he has failed to state a *Monell* claim.[1]

### Conclusion

For the reasons provided herein, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiff's *Monell* claim.  The Court denies Defendants' motion to dismiss to the extent that Defendants argue that the *Monell* claim is time-barred.  The Court grants Defendants' motion to dismiss for failure to state a claim and dismisses the *Monell* claim against the City without prejudice.

**SO ORDERED**                                          ENTER: 3/12/14

                                                        _____
                                                        **JOHN Z. LEE**
                                                        **United States District Judge**

---

[1] Defendants also argue that Plaintiff fails to allege a constitutional violation by O'Donnell, and thus the City cannot be liable for a *Monell* claim.  Because Plaintiff fails to state a *Monell* claim, the Court need not reach this argument.