# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VONZELL WHITE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 11 C 7802 |
| CITY OF CHICAGO and CHICAGO POLICE OFFICER JOHN O'DONNELL, | ) ) ) ) ) | Jeffrey T. Gilbert Magistrate Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants City of Chicago and Police Officer John O'Donnell ("Defendants") prevailed on summary judgment [ECF 60], and the Court entered judgment on January 15, 2015 [ECF 61]. Defendants have submitted a Bill of Costs [ECF 62] requesting reimbursement of costs in the amount of $2,035.70.[1] Plaintiff has filed Objections to Defendants' Bill of Costs [ECF 63] and requests that the Bill of Costs be denied. For the reasons discussed below, the Court agrees that Defendants are entitled to be reimbursed by Plaintiff for $1,955.70 in costs under applicable law.

### A. Plaintiff Is Capable of Paying the Court Costs

Federal Rule of Civil Procedure 54(d) establishes a strong presumption that a prevailing party will recover its costs. *See Mother and Father v.* Cassidy, 388 F.3d 704, 708 (7th Cir. 2003) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, `409 (7th Cir. 1991)). A court shall review a proposed bill of costs in scrupulous detail and award only costs that are reasonable, both in amount and necessity to the litigation. *Shah v. Vill. of Hoffman Estates,* 2003 WL 21961362, at * 1 (N.D.Ill. Aug. 14, 2003). A court is vested with wide discretion to determine

---

[1] The District Judge granted Defendants' Motion for Summary Judgment and referred Defendants' Bill of Costs to the Magistrate Judge.

whether and to what extent costs may be awarded to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997); *Blackwell v. Kalinowski,* 2011 WL 3555770, at * 1 (N.D.Ill. Aug. 11, 2011). The losing party has the burden of an affirmative showing that the costs are not appropriate. *Blackwell,* 2011 WL 355770, at * 1.

The Seventh Circuit recognizes only two situations that may warrant the denial of costs: "the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother and Father,* 388 F.3d at 708. *See also Contreras v. City of Chicago,* 119 F.3d 1286, 1295 (7th Cir. 1997); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 221-22 (7th Cir. 1988). Plaintiff makes a passing reference to purported misconduct by Defendants, contending that "Defendants have unnecessarily protracted these proceedings by seeking non-recoverable costs," but his main argument is that he is indigent and cannot pay any award of costs.

Plaintiff's effort to invoke the misconduct prong of the Seventh Circuit's construct with a vague, one-sentence allegation aimed at Defendants filing what the Court has determined is, for the most part, a proper bill of costs is unavailing. The Court, therefore, must make a threshold determination whether Plaintiff is incapable of paying court-imposed costs at this time or in the future. *Rivera v. City of Chicago,* 469 F.3d 631, 635–36 (7th Cir. 2006). The Seventh Circuit has noted that this "exception is a narrow one. Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Id.* To overcome this burden, a plaintiff must provide "sufficient documentation to support such a finding, including evidence of both income and assets, as well as a schedule of expenses." *Ciummo v. Ruge,* 2012 WL 503627, at * 1 (N.D. Ill. Feb.15, 2012).

In the affidavit attached to his Objections, Plaintiff states that he is 33 years old, a full-time student at Northeastern Illinois University majoring in social work, and hopes to graduate in the spring of 2016. [ECF 63], at ¶ 1, 3. Plaintiff also states that he currently is working part-time making $8.25 an hour, and that he has about $10.00 in his savings account and about $100 in his checking account from his last paycheck. *Id.* at ¶ 2, 6. He says he lives paycheck to paycheck. *Id.* ¶ 6. He has no other tangible or financial assets. *Id.* ¶ 7. He has student loans of $10,000 now and he estimates those loans will grow to $20,000 by the time he graduates from Northeastern. He argues that his future prospects of employment are limited by a 12-year old felony conviction. *Id.* ¶ 1, 3. Plaintiff is not married and no one is dependent upon him for support. ¶ 4.

The Court finds that Plaintiff has failed to establish he is indigent to the extent that would warrant a denial of Defendants' Bill of Costs. While the information Plaintiff has provided establishes that he does not have much money, it does not establish that he "is incapable of paying the court-imposed costs at this time or in the future," *Ciummo*, 2012 WL 503627, at *2 (citing *Rivera*, 469 F.3d at 635)). Plaintiff is young, apparently in good health and soon will graduate from college with a social work degree. He currently is employed part-time and there is nothing to indicate he cannot earn enough money to satisfy a debt for costs awarded by the Court. Other than student debt, which is payable over time, Plaintiff does not indicate he has a large amount of other current obligations or expenses. He is not married and has no dependents other than himself. Defendants point out that Plaintiff testified at his deposition that he lives with his mother and does not pay for food or housing. [ECF No. 74] at pp. 194-195. Plaintiff did not itemize his living expenses in his affidavit so it is likely that his living situation has not changed.

Therefore, as a threshold matter, the Court finds that Plaintiff has not met his burden of showing that he is incapable of paying court-imposed costs, if not immediately, then some time in the future. The Court notes that the temporal perspective (i.e., capable of paying now or in the future) is the analysis consistently applied by the Seventh Circuit and lower courts in this Circuit. *Rivera*, 469 F.3d at 635; *McGill v. Faulkner,* 18 F.3d, 456, 459 (7th Cir. 1994); *Ciummo*, 2012 WL 503627, at *2.

### B. Costs Requested in Defendants' Bill of Costs

In the alternative, Plaintiff objects to certain costs Defendants are seeking for document fees and deposition transcripts. The Court only may award costs that "fall into one of the categories of costs statutorily authorized for reimbursement" *Cefalu v. Village of Elk Grove,* 211 F.3d 416, 427 (7th Cir. 2000). Under 28 U.S.C. § 1920, a court may tax the following expenses as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretative services under 28 U.S.C. § 1828. The award of costs to a prevailing party depends on whether the expenses sought are "reasonable in amount and necessity." *McCabe v. City of Chicago,* 593 F. Supp. 665, 669 (N.D.Ill. 1984).

#### (1) Witness Fees for Document Subpoenas Are Not Recoverable

Defendants seek to recover $80.00 as witness fees for two subpoenas duces tecum issued for documents in the possession of the Cook County Department of Corrections and City Colleges of Chicago-Malcolm X. Plaintiff argues that the Court should deny these costs. The Court agrees with Plaintiff. Nothing in 28 U.S.C. § 1920(3) or 28 U.S.C. § 1821(b) suggests that

4

a witness fee is recoverable for subpoenaed documents. Rather, the witness fee described in Section 1821(b) pertains to the attendance of a live witness at trial or a deposition. *See Perry v. City of Chicago*, 2011 WL 612342, at * 3 and fn. 5 (N.D.Ill. Feb. 15, 2011). Therefore, the Court disallows $80.00 for the witness fees sought for the subpoenas duces tecum.

### (2) Transcript Costs Are Recoverable

Defendants also seek to recover $299.30 for the deposition transcripts for Officers Bentacourt and Haisari. Plaintiff admits that he deposed both officers in discovering his case. Plaintiff, however, now argues that "the testimony of these officers had nothing to do with the case" and Defendants did not refer to either deposition transcript in their summary judgment briefing. [ECF 63] at 3. Therefore, Plaintiff argues Defendants should not be able to recover the cost of obtaining the transcripts.

"Deposition and transcript costs are recoverable where the deposition was reasonably necessary at the time the deposition was taken in light of the facts known at the time." *Beardsley*, 2012 WL 6642378, at *2. Plaintiff does not cite to any case that requires a party to use a deposition transcript in order for the cost of the deposition transcript to be recoverable. Rather, it is well-established that the court reporter's charges for transcripts of deposition that are reasonably necessary in a case are recoverable costs. *See* 28 U.S.C § 1924.

Defendants argue that Officers Haisari and Betancourt testified that they were involved in the drug investigation that resulted in Plaintiff's arrest and indictment, witnessed events that were relevant to Plaintiff's arrest, and their testimony was potentially relevant to establish uncontested facts to support Defendants' motion for summary judgment. That Defendants ultimately chose not to use, or did not need to use, testimony of either officer in connection with the summary judgment briefing is not dispositive. The Court agrees that is was reasonable for Plaintiff to take the depositions of these officers and for Defendants to order their deposition

5

transcripts at the time they did so in preparation for their anticipated motion for summary judgment.

Plaintiff also objects to the deposition page rate of $2.70 that Defendants seek to recover for the deposition transcript of Defendant O'Donnell. Plaintiff argues that Defendants are permitted to recover only $.90 per page for the transcript for Defendant O'Donnell. Plaintiff's argument, however, is misplaced. Defendants' request of $2.70 per page is reasonable and permissible under Local Rule 54.1(b). Local 54.1(b) provides that "the costs of the transcript shall not exceed the regular copy rate as established by the Judicial Conference of the United States in effect at the time the transcript or deposition was filed...." L.R. 54.1(b). Plaintiff acknowledges that the cost for a deposition transcript is set at a maximum of $3.65 per page, plus $.90 for copies. Defendant submitted an invoice for Defendant O'Donnell's deposition transcript that shows the court reporter charged $2.70 per page. That requested rate is well-below the established rate set by the Judicial Conference. Therefore, Defendants are entitled to recover the full amount of $2.70 per page for the transcript of Defendant O'Donnell.

Finally, Plaintiff objects to having to pay the deposition page rate for the indices to the deposition transcripts for Defendant O'Donnell and Assistant State's Attorney Fahlgren. Plaintiff does not cite any legal authority to support his argument that Defendants should not recover the costs of the word indices included with the transcript. The word indices are an integral part of the deposition transcript and facilitate the use of the transcript by the parties. Plaintiff does not dispute that these depositions were reasonably necessary. This Court is not persuaded by Plaintiff's argument and finds that the deposition page rate for the indices to a deposition transcript is a reasonable and recoverable cost.

The Court has reviewed the Bill of Costs and supporting documentation in detail and finds all of the costs to be appropriate except, as discussed above, the $80.00 in witness fees for the subpoenas duces tecum. Accordingly, because the Court finds that Plaintiff has not met his burden of proving he is incapable of paying the court-imposed costs at this time or in the future, the Court awards Defendants $1,955.70 in court costs against Plaintiff.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 23, 2015